IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL ARTHUR RANEY,

    *Plaintiff*,

v.

    Case No. 19-CV-4071-EFM-ADM

WAYNE LEWIS RANEY, et al.,

    *Defendants*.

**MEMORANDUM AND ORDER**

Before the Court is a renewed Motion to Dismiss Pro Se Plaintiff Carl Raney's claims against Defendants Wayne Raney, Estate of Rosa Lee Raney, and Estate of Larry Meyers (Doc. 50). Defendants claim that the Court should dismiss the case on *res judicata* grounds. For the following reasons, the Court grants Defendants' Motion.

### I.    Factual and Procedural Background

Plaintiff Carl Raney and Defendant Wayne Raney are brothers. Their mother, Rosa Lee Raney, passed away in 2016. Larry Meyers was a family friend who passed away in 2015.

In 1993, Carl, Wayne, Rosa, and Larry together purchased two parcels of land in August Pine Ridge, Belize. They purchased the land with the intention of entering a commercial agriculture enterprise. But the enterprise ultimately failed, which led to this lawsuit. Carl claims that his brother, Wayne, breached their oral contract, attempted wrongful conversion, and interfered with a contract Carl had with tenants on the land. It is unclear what claims Carl brings against the Estates of Rosa Lee Raney and Larry Meyers.

This is not the first suit Carl has filed related to these issues. Carl first filed suit in 2015 before the Belize Supreme Court (Belize's trial court).[1] There, Carl argued that he was owed management fees for his years of managing the property in Belize. Defendants denied owing Carl any fees and counterclaimed for a declaration that the property was owned by the four parties as tenants in common in equal shares. They also asked that the property be sold, and that Carl's proceeds be used to repay Defendants for money he owes them and to cover past-due taxes on the property. Carl alleged that the property should be considered owned as joint tenants, and he denied any debt owed to Defendants.

In 2018, Judge Sonya Young of the Belize Supreme Court issued an opinion determining that Carl's claims were without "a scintilla of believable evidence pointing to the existence of an oral agreement" between the parties for Carl to be paid management fees in connection with the Belize properties. Thus, because the Belize trial court determined that no contract existed, it consequently held that Defendants could not have breached or tortiously interfered.

The Belize trial court further determined that the parties held the land as tenants in common, directed the parties to sell the property and divide the proceeds, and ordered the parties to bear outstanding taxes and fees equally. Shortly after this decision was rendered, Carl appealed to the Belize Court of Appeals.

In the meantime, Carl filed the exact same suit before this Court on August 16, 2019. On October 1, 2019, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, but the Court denied the Motion without prejudice and stayed the case pending the results of the parties' litigation in Belize.

---

[1] *Raney v. Raney et al.*, Claim No. 672 of 2015 (Belize Sup. Ct. 2015).

On September 29, 2023, the Belize Court of Appeals issued a final judgment. The appellate court upheld the trial court's order dismissing Carl's claim and awarding costs to Wayne. However, the appellate court set aside the trial court's classification of the parties as tenants in common. Rather, the appellate court determined that the parties held the two properties as joint tenants, meaning that Rosa's and Larry's deaths caused their respective shares of the properties to pass equally to the surviving owners—i.e., Carl and Wayne—in compliance with the Belize Registration Land Act.

Moreover, the appellate court ordered that: (1) the properties shall be valued by a licensed valuator; (2) the properties shall be sold; (3) the costs of the valuation and sale shall be borne by Carl and Wayne equally; (4) the properties' tenant shall pay Wayne's counsel the outstanding $10,000; (5) said $10,000 shall be used to pay any outstanding taxes and fees on the properties; (6) remaining taxes and fees shall be borne by Carl and Wayne equally; (7) any amount remaining from the sale proceeds must be shared by Carl and Wayne equally; (8) Wayne is entitled to costs of the counterclaim in the trial court; and (9) each party shall bear their own costs of the appeal.

On August 6, 2024, Defendants filed a renewed Motion to Dismiss, arguing that all issues raised by Carl had been resolved by the Belize courts. The only matters still pending in Belize are the (1) appraisal of the property for partition purposes and sale; (2) sale of the disputed property by the Court Trustee; and (3) payment of past taxes. On August 12, 2024, Carl filed his Response. Defendants did not submit a Reply. This matter is fully briefed and ripe for ruling.

## II.     Analysis

Given the Belize rulings, Defendants claim that the Court should dismiss the case on *res judicata* grounds since—as this Court stated in its last order—"[t]his case is a clear instance of parallel or duplicative litigation." Carl's Response did not address Defendants' *res judicata*

argument. Rather, his entire submission attempted to relitigate the factual and legal findings of the Belize courts.

"[T]he recognition of foreign nation judgments is governed by state law; thus, a federal court sitting in diversity would apply the law of the state in which it sits."[2] As such, this Court must first determine whether Kansas would recognize a Belizean judgment, and if so, it must next determine whether such judgment would preclude Carl's claims.

Kansas courts have not addressed whether Kansas recognizes Belizean judgments. However, Kansas does apply traditional principles of comity,[3] and other courts have recognized Belizean judgments as valid under these principles.[4] Moreover, nothing in Kansas statute or case law suggests that it would not follow the traditional comity principles as set forth in *Hilton v. Guyot*, 159 U.S. 113 (1895). In *Hilton*, the Supreme Court stated that federal courts will recognize a foreign judgment if:

> there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment.[5]

Here, neither party has explained why Kansas courts would or should not recognize a final, valid, Belizean judgment. Specifically, neither party argues that the Belize court denied them an opportunity for a full and fair trial, that the judges acted incompetently, that the Belizean system

---

[2] *Phillips USA v. Allflex USA*, 77 F.3d 354, 359 (10th Cir. 1996).

[3] *ORI, Inc. v. Lanewala*, 147 F. Supp. 2d 1069, 1082 (D. Kan. 2001).

[4] *See, e.g.*, *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1305 (11th Cir. 2008) (upholding the Belizean judgment because it was not fraudulent, not inconsistent with American notions of due process, and not violative of American public policy).

[5] *Hilton*, 159 U.S. at 202.

of jurisprudence rendered an impartial administration of justice, that the court was prejudiced, or that the judgment was fraudulent. Without well-reasoned arguments as to why the foreign judgment should be set aside, this Court concludes that the Belizean judgment is valid.

Next, the Court must consider whether the Belizean judgment would preclude the instant suit under *res judicata* principles. Kansas courts generally apply the *res judicata* rules of the foreign forum in determining what effect to give that judgment.[6] Belizean common law recognizes principles of *res judicata*.[7] Specifically, Belize prevents a multiplicity of suits when "the issues sought to be litigated . . . are the same issues that were raised in [a prior action], involving the same parties on identical facts."[8]

As this Court previously suspected, it is now clear that Carl's intent in filing this action is to relitigate and somehow overturn or nullify the impact of the Belizean courts' decisions. The issues are the same and the parties are the same. Additionally, Carl requested early on in this case that this Court place a hold on any decisions made by other courts, in part because he believes the Belizean courts do not understand the value in paying property management fees. As such, it is evident that Carl wishes to engage in forum shopping to seek a different result on his breach of contract and tortious interference claims.

This Court will not permit Carl to do so. In this case, the Court finds that Carl's duplicative and duplicitous lawsuit was without legal or factual basis, thereby causing unnecessary delay and needlessly increasing the cost of litigation.[9] Consequently, the Court abstains from exercising

---

[6] *Phillips USA*, 77 F.3d at 360 (citing *Johnson Bros. Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, 661 P.2d 1242, 1245 (1983)).

[7] *Wizard Tr. Ltd. v. Cove Ltd.*, Claim No. 245 of 2016, pp. 22–23 (Belize Sup. Ct. 2016) (citing *Henderson v. Henderson*, (1843) 3 Hare 100, 115; 67 Eng. Rep. 313, 319).

[8] *Id.* at 22.

[9] *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1188 (10th Cir. 2015) (concluding that forum shopping constitutes an improper purpose where a party attempts to avail itself of a forum it perceives to be

jurisdiction over this case under principles of international comity[10] and leaves undisturbed the decision rendered by the Belize Court of Appeals.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2025.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

more favorable without any legal or factual basis for doing so, thereby causing unnecessary delay, or needlessly increasing the cost of litigation).

[10] *See Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994) (finding that "in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction" to (1) respect fellow sovereign nations, (2) provide fairness to litigants, and (3) use scarce judicial resources efficiently).