IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL ARTHUR RANEY,

    *Plaintiff*,

v.

    Case No. 19-CV-4071-EFM-ADM

WAYNE LEWIS RANEY, et al.,

    *Defendants*.

**MEMORANDUM AND ORDER**

Before the Court are three motions brought by pro se Plaintiff Carl Raney (Docs. 58, 61, & 62). First is Plaintiff's Motion for Reconsideration (Doc. 58) of the Court's February 3, 2025 Memorandum and Order. In that Order, the Court granted Defendants' Motion to Dismiss based on *res judicata* grounds because it found that Plaintiff's claims were decided by the Belize courts. Second is Plaintiff's "Motion Premised on Defendant's Failure to Deny" (Doc. 61) Here, Plaintiff claims that the Court's judgment should be vacated because Defendants' Response to the Motion for Reconsideration was stricken from the record for its untimeliness. Lastly is Plaintiff's "Motion For Relief From Judgement" (Doc. 62). Plaintiff claims that because Defendants' Answer and Motion to Dismiss failed to contain a certificate of service, they should be stricken from the record and the resulting judgment should be vacated. For the reasons stated below, the Court denies Plaintiff's motions.

A.      **Motion for Reconsideration**

The Court has discretion whether to grant a motion to reconsider.[1] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[2] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[3] Plaintiff brings his Motion under Rule 59(e). A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[4] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[5] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[7]

The Court has thoroughly reviewed Plaintiff's Motion and it appears that he only asks the Court to reconsider whether Defendants interfered with the contract between Plaintiff and Juan Martinez. Plaintiff does not ask the Court to reconsider his breach of oral management contract claim or his conversion claim, so the Court will not do so.

---

[1] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (further citations and quotation omitted).

[4] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[5] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (further citations and quotations omitted).

[6] *Voelkel*, 846 F. Supp. at 1483.

[7] *See Van Skiver*, 952 F.2d at 1243.

Plaintiff claims that he had a contract with Juan Martinez, an individual renting the parties' property in Belize (the "Property"). Under the alleged contract, Martinez was supposed to pay Plaintiff $10,000 BZ in rent. However, just before rent was due in 2011, Defendant Wayne Raney instructed Martinez not to pay Plaintiff the rent money. Not knowing who to believe, Martinez paid the $10,000 BZ to the Belize court so that it could properly distribute the funds. Plaintiff claims that this interference entitles him to actual and consequential damages.

Specifically, Plaintiff asserts that without the rent money, he defaulted on the Property's taxes and incurred actual damages in the form of late penalties and fees. To date, the property taxes remain unpaid. He also claims that, without the rent money, he could no longer maintain the land, resulting in consequential damages. Plaintiff believes that Defendant Wayne's interference makes him responsible for a greater share of the past-due property taxes, and that he owes Plaintiff for allowing the land to revert to bush and regrowth, which undermined the time and cost of Plaintiff's previous clearing efforts and devalued the Property. Plaintiff claims that this issue was not previously decided by the Belize courts because it was not yet ripe at the time of his filing. The record, however, indicates the contrary.

1. *Actual Damages*

Four years after this interference incident, Plaintiff filed an action before the Belize Supreme Court. The Belize court was well-aware of Plaintiff's interference claim. The Belize court described the parties' arguments on this claim as follows:

> Carl, as the de facto manager (by reason only of his presence in Belize) has, in fact, mismanaged the Property. He rented it to farmers and was paid accordingly. However, he failed to make proper accounting of its income or expenses and neglected to pay property taxes which have, over the years, accumulated considerably. . . . [Defendants] pray that the Property be sold and any proceeds to

which Carl is entitled be first used to defray any sums he may be found to be owing to the Defendants, whether as income or taxes due on the Property.[8]

Carl . . . denies every allegation of mismanagement and insists that all income generated by the Property was used for the benefit of the Property. He explains that the Property was managed at a loss which he absorbed . . . . Moreover, the taxes only fell into arrears when Wayne stopped the lone tenant on the Property from paying his rent over to him (Carl).[9]

From these arguments, it is clear that the issue of interference and past-due taxes is not new. Defendants allege that Plaintiff repeatedly failed to pay property taxes on time, resulting in arrears and interest. To solve this problem, Defendants asked the court to order the sale of the Property and apply Plaintiff's share of the sale proceeds to taxes due on the Property. Of course, Plaintiff argued that the taxes, interest, and arrears should be paid by Defendants. However, the Belize court ordered that the parties share the taxes equally. Specifically, the Belize court ruled:

Juan Martinez . . . shall forthwith pay over to counsel for the [Defendants] the $10,000 he now holds for the benefit of the co-owners. The payment of any outstanding taxes and fees on the Properties shall be made using the said $10,000 first and thereafter it shall be borne in equal parts by the parties. Such sum may be taken from the proceeds of sale of the Properties. Any amount remaining from the proceeds of sale of the Properties is to be shared equally among the parties.[10]

Before the Belize court made this ruling, it considered Plaintiff's testimony that "[t]here was no farming on the Property between 2011 and 2015."[11] The Belize court found that Plaintiff did not inspect the Property between these years because, as he says, he was focused on his mother's illness.[12] Plaintiff also admitted that he did not know whether squatters were on the land

---

[8] *Raney v. Raney et al.*, Claim No. 672 of 2015, pp. 2–3, ¶ 3–4 (Belize Sup. Ct. Feb. 21, 2018).

[9] *Id.* at p. 3, ¶ 5.

[10] *Id.* at pp. 16–17, ¶ 6–8, *aff'd,* Civil Appeal No. 17 of 2018, p. 21, ¶ 55(3)(c)–(d) (Belize Ct. App. Sept. 29, 2023).

[11] *Id.* at pp. 7–8, ¶ 19.

[12] *Id.* at pp. 8, ¶ 19.

at that time.[13] Ultimately, the Belize court found that Plaintiff was not managing the property during those years and found Plaintiff to be "less than a forthright witness."[14]

Thus, Plaintiff's argument that damages were not ripe at the time of filing lacks merit. Taxes and interest had accrued between 2010, when the alleged interference occurred, and 2015, when Plaintiff filed suit. Plaintiff's refusal to pay taxes to date, and the resulting accrual does not justify shifting the burden of payment to Defendants, nor does it undermine the Belize courts' clear decision to divide the tax and interest obligations equally.

The Belize court was fully aware that the Property was neither physically nor financially managed, that taxes remain unpaid, and that interest and penalties were accruing monthly. Yet, despite Plaintiff's interference claim, it still decided that the "outstanding taxes and fees . . . shall be borne in equal parts by the parties." Therefore, this Court will not disturb that determination simply because the amount the parties owe has grown significantly since 2015 due to nonpayment. As such, the Court denies Plaintiff's motion to reconsider actual damages.

   2.   *Consequential Damages*

The Court also denies Plaintiff's motion to reconsider consequential damages. Plaintiff claims that Defendants' interference caused the Property to revert to bush and regrowth—undermining the time and cost of Plaintiff's previous clearing efforts. As such, Plaintiff seeks consequential damages to remedy the Property's regression. However, the Belize court found that the maintenance and management of the land could not be accredited solely to Plaintiff. Rather,

> [t]he original work of clearing the land . . . seemed to have been a joint undertaking by Carl and Wayne. It was paid for by all the co-owners equally. There was no

---

[13] *Id.*

[14] *Id.*

machinery for farming or any farming infrastructure which was Carl's responsibility. He neither supervised nor grew crops or tended animals.[15]

This makes clear that the Belize courts already contemplated the Property's regression and its causes when it first adjudicated Plaintiff's claims. Additionally, as previously noted, Plaintiff testified that he never inspected nor farmed the Property between 2011 and 2015 because he was caring for his ill mother. This admission undercuts Plaintiff's attempt to blame Defendants for the Property's overgrowth and alleged devaluation because, as Plaintiff admits, he lacked the time to maintain the Property regardless. Accordingly, because the basis for Plaintiff's consequential damages claim was already decided by the Belize court, this Court denies Plaintiff's Motion for Reconsideration.

### B.    Motion To Vacate Judgment

Plaintiff complains that Defendants have prejudiced his ability to reasonable access to the courts by failing to serve him with their responses and motions. Plaintiff claims that he never received Defendants' Answer, Motion to Dismiss, or Response to Plaintiff's Motion for Reconsideration, which hindered his ability to timely plead his case and reply to Defendants' accusations. Plaintiff is correct that the answer and written motions must be served on every party.[16] However, Plaintiff has failed to demonstrate why his purported lack of receipt has prejudiced him in any way.

First, no response is required after the answer is filed. In fact, plaintiffs are prohibited from filing a reply to an answer unless the court orders one,[17] and the Court did not order one in this case. Second, the record shows that Plaintiff wrote and filed his 12-page Response just six days

---

[15] *Id.* at p. 5, ¶ 11.

[16] *See* Fed. R. Civ. P. 5(a)(1)(B), (D).

[17] *See* Fed. R. Civ. P. 7(a)(7).

after Defendants filed their Motion to Dismiss—well before the 21-day deadline allowed by the local rules.[18] This demonstrates that Defendants' alleged failure to serve Plaintiff with their Motion did not hinder Plaintiff's ability to timely respond. Lastly, striking Defendants' Response to Plaintiff's Motion for Reconsideration does not justify vacating the judgment. In this case, ultimately Plaintiff failed to meet his burden of demonstrating that the Court misapprehended the facts, the parties' positions, or the controlling law. Although defendants may file responses to help persuade the Court that Plaintiff failed to carry his burden, such a submission is permissive, not mandatory. And a defendant's failure to timely respond—or respond altogether—to a Motion for Reconsideration does not warrant immediately overturning the judgment. As such, the Court denies Plaintiff's consolidated requests to vacate judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Premised on Defendant's Failure to Deny (Doc. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 62) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of June, 2025.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *See* D. Kan. Local R. 6.1(d)(2).